# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                  Case No. 23-CR-184-JPS-SCD

JOSE CARDENAS-SALCIDO,

    Defendant.

## ORDER ON DEFENDANT'S PRETRIAL MOTIONS

Jose Cardenas-Salcido is charged in count one of a three-count indictment with conspiracy to distribute and possess with intent to distribute fentanyl. *See* ECF No. 1. The matter is assigned to United States District Judge J.P. Stadtmueller for trial and to me for resolving pretrial motions. *See* 28 U.S.C. § 636; Fed. R. Crim. P. 59; E.D. Wis. Gen. L. R. 72. No trial date has been set.

Cardenas-Salcido has filed two pretrial motions. First, he has moved for a bill of particulars requiring the government to identify the names and known aliases of all unindicted co-conspirators. *See* ECF No. 32. Cardenas-Salcido contends that this information is not clearly set forth in the indictment or the discovery provided by the government. He further contends that the names of the unindicted co-conspirators are essential to the preparation of a defense to the conspiracy charge, including determining the admissibility of any statements made co-conspirators. *See* Fed. R. Evid. 801(d)(2)(E). The government opposes the motion. *See* ECF No. 34.

"Rule 7(f) of the Federal Rules of Criminal Procedure allows, in conjunction with the issuance of an indictment, for the filing of a bill of particulars—a more specific expression of the activities defendant is accused of having engaged in which are illegal." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). Courts within the Seventh Circuit analyze requests for a bill of particulars much the same as they analyze challenges to the sufficiency of an indictment: "in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)). "Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Blanchard*, 542 F.3d at 1140 (citing *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)). "Where the indictment fails to provide the full panoply of such information, a bill of particulars is nonetheless unnecessary if the information 'is available through some other satisfactory form, such as discovery.'" *Id.* (quoting *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003)).

Cardenas-Salcido has ample access to the information necessary to prepare his defense to the conspiracy charged in count one. The indictment includes each of the elements of the charged offense, alleges the time (beginning in at least January 2022 and continuing until on or about January 11, 2023) and place (the State and Eastern District of Wisconsin, the State and District of Arizona, and elsewhere) of the alleged conspiracy, and cites to the statutes allegedly violated (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and 18 U.S.C. § 2(a)). *See* ECF No. 1 at 1–2. Although the indictment does not name any co-defendants or co-conspirators, the government has provided Cardenas-Salcido with discovery further detailing

2

the alleged conspiracy, including search warrants that detail the alleged drug distribution and the names or descriptions of co-conspirators. *See* ECF No. 34 at 2. The government also has pointed out specific portions of the discovery that contain co-conspirator statements about Cardenas-Salcido's alleged conduct. Cardenas-Salcido does not explain why these disclosures are inadequate, let alone why he's unable to prepare a defense to the conspiracy charge without knowing the identities of the unindicted co-conspirators.

It appears that judges in this district regularly "order the government to identify before trial all persons it alleges were coconspirators." *United States v. Sykes*, No. 17-CR-96, 2018 WL 3245205, 2018 U.S. Dist. LEXIS 62254, at *9–10 (E.D. Wis. Feb. 2, 2018) (collecting cases). But that practice appears to be reserved for cases "where numerous individuals are named in the discovery or recorded on wiretaps." *Id.* at *10 (quoting *United States v. Urbina*, No. 06-CR-336, 2007 WL 2220205, 2007 U.S. Dist. LEXIS 55589, at *7 (E.D. Wis. July 31, 2007)). Cardenas-Salcido asserts, in conclusory fashion, that the information he seeks is not clearly set forth in the indictment or the discovery. However, he does not discuss the discovery in any detail. Nor does he allege that the discovery is too voluminous for him to ascertain the identities of co-conspirators or that there are too many potential co-conspirators mentioned in the discovery. Thus, Cardenas-Salcido has not demonstrated that a bill of particulars is needed in this case.

Second, Cardenas-Salcido has moved for a pretrial hearing to determine the admissibility of alleged co-conspirator statements or, alternatively, for an order compelling the government to make an offer of proof as to the admissibility of any co-conspirator statements it intends to rely upon at trial. *See* ECF No. 33 (citing *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978)). He says that, by making the admissibility finding now, the court

can avoid the potential for unfair prejudice and a mistrial and ensure that the jury's time is not wasted. The government opposes this motion, too. *See* ECF No. 35.

A statement "made by the party's coconspirator during and in the furtherance of the conspiracy" is not hearsay. Fed. R. Evid. 801(d)(2)(E). For a co-conspirator's statement to be admissible over a hearsay objection, the government must demonstrate by a preponderance of the evidence that "1) a conspiracy existed, 2) the defendant and the declarant were members thereof, and 3) the proffered statement(s) were made during the course of and in furtherance of the conspiracy." *United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991) (citing *Santiago*, 582 F.2d at 1134-35). In *Cox*, the Seventh Circuit listed various procedures a trial court may use to make the preliminary determination required by *Santiago*. 923 F.2d at 526. The "long-standing practice in this district [is] to conditionally admit statements of alleged co-conspirators subject to the government showing that the statements are admissible in accordance with the *Santiago* factors." *United States v. Armbruster*, No. 18-CR-130, 2020 WL 2840168, 2020 U.S. Dist. LEXIS 95282, at *15 (E.D. Wis. June 1, 2020) (collecting case).

Cardenas-Salcido has not shown that this district's long-standing practice is insufficient in this case. He claims generally that discovery these days often includes "a huge volume of digital evidence from phone dumps and social media." ECF No. 33 at 5. However, he does not discuss with any specificity the discovery provided here. And while the government concedes that this case involves a significant amount of evidence, it alleges that the volume of discovery here is on par with the discovery provided in other narcotics cases that are routinely handled without a pretrial hearing or offer of proof. *See* ECF No. 35 at 3–4. The government also says that it does not currently anticipate offering any co-conspirator statements from phone extractions or social media. *See id.* at 4.

4

Cardenas-Salcido's request is also premature. This case is not currently set for trial, so there's no pressing need to determine the admissibility of co-conspirator statements. If the matter does proceed to trial, the district judge is in the best position to make that determination. For that reason, another magistrate judge in this district has deferred such motions to the assigned district judge. *See, e.g.*, *Armbruster*, 2020 U.S. Dist. LEXIS 95282, at *15–16. Given the uncertainty as to whether Cardenas-Salcido will even proceed to trial, I will instead deny the motion without prejudice, which essentially accomplishes the same goal.

Accordingly, for all the foregoing reasons, the court **DENIES without prejudice** both the defendant's motion for bill of particulars, ECF No. 32, and the defendant's motion for a *Santiago* hearing and for a pretrial ruling concerning alleged co-conspirator statements, ECF No. 33. The court directs the parties' attention to 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any order herein, or part thereof, may be filed within fourteen days of service of this order. Objections must be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the district judge in writing.

**SO ORDERED** this 11th day of October, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge