UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

  Plaintiff,

v.                                    Case No.      23-CR-184

JOSE CARDENAS-SALCIDO,

  Defendant.

---

## ORDER GRANTING RIGHT TO PROCEED *PRO SE* AND TO HAVE BENCH TRIAL

---

The defendant appeared in person for a hearing on his motions to proceed *pro se* and to waive his right to a trial by jury. This order memorializes my rulings and colloquy during the hearing.

I began the hearing by inquiring if the defendant maintained his desire to proceed *pro se*. He indicated that he did, but suggested he might change his mind if he were allowed some time to speak with counsel. The court allowed counsel and the defendant to speak privately, but the defendant ultimately expressed his desire to proceed without counsel.

I then conducted a colloquy with the defendant to ensure that he understood what he was doing. *Benchbook for U.S. District Court Judges* § 1.02 (6th ed. 2013). I inquired as to his education, his ability to speak English, and his employment, and I alerted him that a lawyer would be able to help him understand the law and rules of procedure and evidence. I made sure he understood the charges against him and the substantial about of prison time he was facing. I advised him of my view that most defendants would benefit from having a lawyer, and that he was no different. Nevertheless, the defendant indicated he wanted to proceed on

his own. Having concluded that his decision was voluntary and knowing, I granted his motion to proceed *pro se*, as is his right. I further appointed current counsel, Mr. Thomas Hayes, to serve as standby counsel. Mr. Hayes has recently been appointed standby counsel in case number 24-CR-179, pending before Judge Griesbach, and is aware of the court's expectations on that score. Counsel is aware that those expectations might vary by district judge.

Having concluded that the defendant was entitled to proceed *pro se,* the next question was whether he may waive his right to trial by jury. To that end, the court inquired as to the defendant's reasons for preferring a bench trial to a jury. *Benchbook* § 1.09. The defendant stated that he thought a judge would be more amenable his argument that government actors do not always follow the law. He further articulated that he preferred his case being decided by a single individual who was learned in the law and experienced with criminal matters, rather than a jury of his peers. I further explained that a jury verdict would have to be unanimous, and that the government had the burden of proving his guilt beyond a reasonable doubt. Nevertheless, the defendant indicated he preferred a bench trial, and I conclude that his decision was knowing and voluntary. Pursuant to Fed. R. Crim. P. 23(a)(1), I directed the defendant to sign a written form indicating his wish to waive his right to a jury trial. I further inquired of the government as to its amenability to a bench trial, and it agreed and also signed the form. Fed. R. Civ. P. 23(a)(2). If the district judge approves, the court may sign that form as well. Fed. R. Civ. P. 23(a)(3).

Finally, as to scheduling, the government indicated that any new discovery arising out of the superseding indictment is quite limited, and all parties expected that the current trial date of June 16 would remain viable.

2

In sum, the motions [60,61] to proceed *pro se* and remove Mr. Hayes as counsel are **GRANTED**. Mr. Hayes is appointed to aid the court as standby counsel. The motion to have a bench trial [62] is **GRANTED**, subject to the approval of the district judge. The waiver form appears on the docket at ECF No. 68.

**SO ORDERED** this 17th of April, 2025.

STEPHEN C. DRIES
United States Magistrate Judge