UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

  Plaintiff,

  v.

**JOSE CARDENAS-SALCIDO,**

  Defendant.

Case No. 23-CR-184

---

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S WITHDRAWAL OF GUILTY PLEA AND TO APPOINT COUNSEL FOR TRIAL**

---

The United States of America and the defendant appeared before me on July 22 to address the defendant's motions to withdraw his plea of guilty. The defendant confirmed on the record that he still wished to withdraw the plea and proceed to trial. Previously, on June 3, this court held a hearing to address his decision to plead guilty; I found that he was entering into his plea knowingly and voluntarily and I therefore recommended that the plea be accepted. However, the defendant's motion to withdraw came hard on the heels of that hearing—specifically, on June 9 he mailed his motion to withdraw to the court, and the court filed it on June 11. (ECF No. 110). In the intervening day, Judge Stadtmueller entered an order adopting my recommendation that the plea be accepted. Rule 11(d)(1) provides that the defendant need not provide any reason for withdrawing his plea if the plea is withdrawn prior to the court's acceptance. Because the defendant filed his motion to withdraw one day *before* Judge Stadtmueller's acceptance of the plea, he falls within Rule 11(d)(1)'s purview, which means the defendant's motion to withdraw should be granted. The government agrees that

the plea may be withdrawn. I will therefore recommend that the motion to withdraw be granted.

During the hearing, the defendant also indicated that, having decided to proceed to trial, he would like the court to appoint counsel for him rather than to continue *pro se*. I indicated some hesitation about this request given that the defendant has already had three lawyers in this action; however, it was pointed out that one of his lawyers withdrew due to health reasons. Moreover, having counseled the defendant at some length that he would benefit from the assistance of counsel, I am reluctant to recommend denial of that request unless there were some indications of delay or obstruction. There is no such indication here. Instead, it appears the defendant has had time to reconsider his decision to appear *pro se* and has agreed with the court's admonitions that proceeding to trial on his own would be unwise. Counsel would assist not only the defendant but the court during its trial, and therefore I will recommend that his oral motion for appointment of counsel be granted. I note that both the government and Mr. Hayes, who appeared as standby counsel, were of the view that new counsel should be appointed in light of the allegations about Mr. Hayes contained within the defendant's motion to withdraw. I am also in agreement with that suggestion.

In sum, I recommend that the motion to withdraw the plea (ECF Nos. 110 and 114) be **GRANTED** because the motion was filed prior to the plea's acceptance. I further recommend that the defendant's oral motion for appointment of counsel be **GRANTED** and that new counsel be appointed to assist with trial. Finally, at the government's request, I will make a **Speedy Trial finding** in order to allow new counsel (should the district judge adopt this recommendation) to help the defendant prepare his defense. The court finds that under 18 U.S.C. Section 3161(h)(7)(A) and (B)(iv), the ends of justice served by excluding time

outweigh the best interest of the public and the defendant in a speedy trial. The court makes this finding because, taking into account the exercise of due diligence, the failure to grant such a continuance would deny counsel for the defendant reasonable time necessary for effective preparation. Therefore, **the period from 6/16/2025 to 8/15/2025 is excluded under the Speedy Trial Act.**

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge