# United States District Court
## Eastern District of Wisconsin

UNITED STATES OF AMERICA

V.

JOSE CARDENAS-SALCIDO

## JUDGMENT IN A CRIMINAL CASE

**Case Number: 23-CR-184-JPS**
**Marshal Number: 86077-510**

Jeffrey W. Jensen
Defendant's Attorney

Katherine M. Halopka-Ivery
Assistant United States Attorney

**THE DEFENDANT:**

Was found guilty after a bench trial as to Count One, Two, Three, and Four of the Superseding Indictment.

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851 and 18 U.S.C. § 2(a) | Distribution of Fentanyl | October 2022 | One |
| 21 U.S.C. §§ 841(a)(1), 843(b) and 18 U.S.C. § 2(a) | Use of a Communication Facility to Facilitate the Commission of a Felony | October 2022 | Two |
| 18 U.S.C. § § 2(a), 1512(a)(2)(B)(i) | Tampering with Witness, Victim, or Informant | October 2024 | Three |
| 18 U.S.C. §§ 2(a), 1512(b)(1) | Tampering with Witness, Victim, or Informant | August 2024 | Four |

The defendant is sentenced as provided in sheets 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: April 24, 2026

J. P. Stadtmueller
U.S. District Judge

Date Judgment Signed: April 29, 2026

Defendant: Jose Cardenas-Salcido
Case Number: 23-CR-184-JPS

# IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of Two-Hundred and Sixty-Four (264) months as to Count One of the Superseding Indictment, Forty Eight (48) months as to Count Two of the Superseding Indictment, Two-Hundred and Forty (240) months as to Count Three of the Superseding Indictment, and Two-Hundred and Forty (240) months as to Count Four of the Superseding Indictment, to operate to run concurrently with one another for a total term of imprisonment of Two-Hundred and Sixty-Four (264) months.

The Court makes the following recommendations to the Bureau of Prisons:

(1) that the defendant be considered for incarceration at a federal facility most near Tuscon, Arizona.

The defendant is remanded to the custody of the U.S. Marshal.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____________ to ______________ at ______________, with a certified copy of this judgment.

______________________
United States Marshal

By: ______________________
Deputy U.S. Marshal

Defendant: Jose Cardenas-Salcido
Case Number: 23-CR-184-JPS

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Five (5) years as to Count One of the Superseding Indictment, One (1) year as to Count Two of the Superseding Indictment, Three (3) years as to Count Three of the Superseding Indictment, and Three (3) years as to Count Four of the Superseding Indictment, to be served concurrently with one another for a total term of supervised release of Five (5) years. While on supervised release the defendant shall comply with the following special conditions:

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to his supervising probation officer in the district to which the defendant has been released.
2. The defendant shall not commit another federal, state, or local crime.
3. The defendant shall not possess any firearms or other dangerous weapons.
4. Pursuant to the Violent Crime Control and Law Enforcement Act of 1996, the defendant shall not illegally possess or unlawfully use any controlled substance. The defendant shall submit to one drug test within 15 days of release and two periodic tests within one year from the commencement of supervision.
5. The defendant must reside at a residence approved by his supervising probation officer.
6. The defendant shall use his best efforts to secure lawful full-time employment and support his dependents.
7. The defendant shall notify his supervising probation officer at least ten days prior to any change in the place of his residence or employment. When such notification is not possible, the defendant shall notify his supervising probation officer within 72 hours of the change.
8. The defendant shall notify his supervising probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
9. The defendant shall follow the reasonable instructions of his supervising probation officer and answer all inquiries of such officer subject to the defendant's Fifth Amendment right against self-incrimination.
10. The defendant shall permit his supervising probation officer to visit him at reasonable times at home, or such other location as may be mutually agreed upon and shall permit confiscation of any contraband observed in plain view by his supervising probation officer.
11. The defendant shall not associate with any persons known by him to be engaged or planning to be engaged in criminal activity. "Associate" as used here means to communicate, meet, reside, socialize, or otherwise interact with such person.
12. The defendant shall not knowingly leave the judicial district to which he has been released without the permission of the Court or his supervising probation officer.
13. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior approval of the Court.

14. The defendant shall participate in a Cognitive Intervention Program as may become available under the direction of his supervising probation officer. Subject to the defendant's ability to pay, he shall pay the cost of such program under the direction of his supervising probation officer.
15. The defendant shall submit his person, property, residence, office, and/or any electronic communication or data storage device, including a computer as defined in 18 U.S.C. § 1030(e)(1), to a search conducted at a reasonable time and in a reasonable manner by his supervising probation officer. Failure to submit to a search may constitute grounds for revocation of the defendant's term of supervised release. The defendant shall notify any other occupants that the premises may be subject to a search pursuant to this condition. Any search may be conducted only when reasonable suspicion exists that the defendant has violated the conditions of his supervised release and that the areas to be searched may contain evidence of such violation(s).

In accordance with the recent decisions by the United States Court of Appeals for the Seventh Circuit in *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), *United States v. Downs*, 784 F.3d 1180 (7th Cir. 2015), *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016), *United States v. Ortiz*, 817 F.3d 1180 (7th Cir. 2016), *United States v. Hill*, 818 F.3d 342 (7th Cir. 2016), and their progeny, the Court withheld imposition of any additional conditions of supervised release. The Court concluded that such additional conditions, if any, are best left for further consideration at such time as the defendant may become eligible for release from the custodial portion of the Court's sentence.

Defendant: Jose Cardenas-Salcido
Case Number: 23-CR-184-JPS

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

| | **Special Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals**: | $400 | Waived | None |

## FINE

Based upon the defendant's limited financial resources, the Court determines that the defendant does not have the financial ability to pay a fine within the guidelines range. The Court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, costs of community confinement, and supervision, and therefore waives the interest on the fine, costs of incarceration, costs of community confinement, and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to twenty-five percent (25%) of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

## RESTITUTION

The defendant shall pay restitution in the amount listed below. Restitution payments shall be made to the Clerk of the Court—362 U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202—who shall disburse restitution payments to the following payee(s):

| PAYEE | AMOUNT |
|---|---|
| None | None |

Defendant: Jose Cardenas-Salcido
Case Number: 23-CR-184-JPS

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, and (2) restitution.

If this judgment imposes a period of imprisonment, payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program are to be made as directed by the Court, the defendant's supervising probation officer, or the United States Attorney.